863 F.2d 20
 130 L.R.R.M. (BNA) 2305, 110 Lab.Cas. P 10,910,
12 Fed.R.Serv.3d 951
 In re William L. SUMMERS & Norman A. Fox, Jr., Attorneys-Appellants.
CLEVELAND JOURNEYMEN PLUMBER'S UNION, LOCAL NO. 55 of the
United Association of Journeymen and Apprentices
of the Plumbing and Pipefitting
Industry, Plaintiff-Appellant,
v.
TRG, INC., d/b/a Duisik Plumbing & Heating, Defendant-Appellee.
 No. 87-3915.
 United States Court of Appeals,
Sixth Circuit.
 Submitted on Briefs Oct. 14, 1988.
Decided Dec. 19, 1988.
 
 Robert A. Dixon, Summers, Fox, Dixon & McGinty, Cleveland, Ohio, William L. Summers, Cleveland, Ohio, for attorneys-appellants.
 James P. Wilkins, Millisor & Nobil, Akron, Ohio, David E. Schreiner, Cleveland, Ohio, for defendant-appellee.
 Before KRUPANSKY and GUY, Circuit Judges, and GRAHAM, District Judge.*
 RALPH B. GUY, Jr., Circuit Judge.
 
 
 1
 Plaintiff[1] appeals from the imposition of $500 in sanctions imposed pursuant to Fed.R.Civ.P. 11. The sanctions were ordered subsequent to the voluntary dismissal of an action originally commenced by plaintiff Cleveland Journeymen Plumber's Union, Local No. 55 (Union), in the Court of Common Pleas of Cuyahoga County, Ohio, which was subsequently removed to the federal court.
 
 
 2
 The complaint, as originally filed, alleged that defendant Duisik breached its contract obligations with the plaintiff Union by subcontracting work to nonunion workers. The complaint also alleged that Duisik had further breached the contract by applying residential pay rates when its workers were performing work on commercial jobs.
 
 
 3
 After the case was removed to the federal court, the defendant filed a motion to dismiss predicated primarily upon plaintiff's failure to exhaust its contract remedies prior to bringing suit as was required by the collective bargaining agreement. Before the court could rule on the motion to dismiss, the plaintiff voluntarily dismissed this action pursuant to Fed.R.Civ.P. 41(a)(1).
 
 
 4
 After the dismissal defendant moved for Rule 11 sanctions predicated, for the most part, on the facts that the plaintiff brought the suit primarily for harassment purposes and that plaintiff's counsel had to know that a prerequisite to filing a suit on a collective bargaining agreement was the exhaustion of contract grievance procedures. A hearing was held and the court subsequently issued an order awarding a $500 sanction against plaintiff's attorneys. No opinion was issued in connection with the order.
 
 
 5
 On appeal, Duisik, to whom the sanctions were awarded, has not filed a brief since the cost of the brief and counsel's time would be more than the $500 at issue.
 
 
 6
 Although we have before us only the arguments made by plaintiff Union for reversal, we do have the complete record from the case in the district court. Although we are unable to determine on the present record whether or not this was an appropriate case for sanctions, even if it was, we would nevertheless be compelled to reverse since we conclude that under the circumstances the district court had no jurisdiction to award Rule 11 sanctions.
 
 
 7
 This case was originally filed in state court. Although it was not filed pursuant to section 301 of the Labor Management Relations Act, as amended, 29 U.S.C. Sec. 185(a), it is properly construed as such an action. While the federal courts have original jurisdiction over section 301 actions, they do not have exclusive jurisdiction. Krey Packing Company v. Hamilton, 572 F.2d 1280 (8th Cir.1978). Thus, this action was appropriately filed in state court. Plaintiff Union argues that the district court did not have jurisdiction to apply sanctions for a complaint that was appropriately filed in state court insofar as the jurisdiction of the state court was concerned. We have not had occasion to consider this issue, but the other circuits that have, have uniformly concluded that where a complaint is properly filed in state court and then removed to federal court, it is inappropriate for the federal court to apply Rule 11 sanctions for the filing of that complaint.
 
 
 8
 The plaintiff did not contest the removal nor did it file any opposition to the motion to dismiss, which was the first and only pleading filed by the defendant Duisik. Instead, after the motion to dismiss was filed, the plaintiff Union voluntarily dismissed, as it had a right to do, pursuant to Fed.R.Civ.P. 41(a)(1). Under such circumstances, we join with those courts that have concluded Rule 11 sanctions are not appropriate. Hurd v. Ralphs Grocery Co., 824 F.2d 806 (9th Cir.1987); Stiefvater Real Estate, Inc. v. Hinsdale, 812 F.2d 805 (2d Cir.1987); Kirby v. Allegheny Beverage Corp., 811 F.2d 253 (4th Cir.1987); Kendrick v. Zanides, 609 F.Supp. 1162 (N.D.Cal.1985).
 
 
 9
 Where there is authority to the contrary, such authority appears in cases in which the plaintiff took some action after the case was removed to federal court to further prolong the litigation.[2] To its credit, the plaintiff here filed a voluntary dismissal subsequent to defendant's filing of the motion to dismiss.
 
 
 10
 We realize that defendant has been put to an expense as a result of the filing of this lawsuit. However, nothing herein would prevent the defendant from filing a motion in the Ohio courts for the imposition of sanctions under its rules of procedure. REVERSED.
 
 
 11
 KRUPANSKY, Circuit Judge, concurring.
 
 
 12
 I concur in the majority opinion's disposition of this controversy. The case at bar is factually distinguishable from this circuit's recent opinion in Herron v. Jupiter Transportation Co., 858 F.2d 332 (6th Cir.1988), because the plaintiff's counsel in the instant case initiated immediate action to dismiss the specious action which he had filed. I do not, however, place the same reliance which the majority places upon Hurd v. Ralphs Grocery Company, 824 F.2d 806 (9th Cir.1987); Stiefvater Real Estate, Inc. v. Hinsdale, 812 F.2d 805 (2d Cir.1987); Kirby v. Allegheny Beverage Corp., 811 F.2d 253 (4th Cir.1987); Kendrick v. Zanides, 609 F.Supp. 1162 (N.D.Cal.1985) which foreclose federal district courts from applying Fed.R.Civ.P. 11 to complaints initially filed in state courts which are subsequently removed to federal courts. I am constrained to reassert this circuit's opinion articulated in Herron, at 336 n. 6, wherein this circuit rejected the narrow interpretation that the aforementioned opinions imposed upon the language and spirit of Fed.R.Civ.P. 11, and consequently, I reaffirm the conclusion of Herron that Fed.R.Civ.P. 11 sanctions are available to federal courts even under circumstances where an obviously specious complaint, unsupported by fact or law, has, in the first instance, been filed in state court.
 
 
 
 *
 Honorable James L. Graham, United States District Court, Southern District of Ohio, sitting by designation
 
 
 [1]
 The sanctions imposed by the district court were only against plaintiff's attorneys although defendant's motion requested that sanctions be assessed against the plaintiff and its attorneys
 
 
 [2]
 For example, in our recent decision in Herron v. Jupiter Transportation Co., 858 F.2d 332 (6th Cir.1988), the attorney against whom sanctions were imposed continued to press clearly groundless claims long after removal and was extremely dilatory in filing the papers necessary to terminate the case. Despite repeated warnings that plaintiffs' claims were frivolous, the attorney in Herron, unlike the attorney here, demanded discovery and proceeded with the case