914 F.2d 255
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sabry G. AWADALLA, Plaintiff-Appellant,
v.
ROBINSON MEMORIAL HOSPITAL, Defendant-Appellee.
 No. 89-4016.
 United States Court of Appeals, Sixth Circuit.
 Sept. 5, 1990.
 
 Before KEITH, KRUPANSKY and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Sabry G. Awadalla (Awadalla), has appealed from the district court's imposition of Fed.R.Civ.P. 11 sanctions against him in the amount of $5,000.
 
 
 2
 Awadalla was a physician specializing in anesthesiology and was chairman of the Department of Anesthesiology at Robinson Memorial Hospital (RMH), a public hospital established pursuant to Ohio Rev.Code, Chapter 339. On February 2, 1989, RMH's Board of Trustees unanimously voted to remove Awadalla a chairman of the Department of Anesthesiology determining that his removal was "in the best interest of patient care" in accordance with Resolution No. 88-131, which permits the Board of Trustees to unilaterally remove a chairman of a medical staff department. Awadalla was notified of the decision on February 6, 1989. He thereafter filed a complaint in the United States District Court for the Northern District of Ohio, with an attached motion for a temporary restraining order, against RMH on the following day, February 7, 1989.
 
 
 3
 In his complaint, Awadalla alleged that he had been wrongfully removed from his position as chairman of the Department of Anesthesiology in violation of the first amendment, the due process clause of the fourteenth amendment; and Ohio state law. Although Awadalla had decided to dismiss his lawsuit on February 18, 1989, the day after the district court denied his motion for a temporary restraining order, neither Awadalla nor his counsel notified RMH or the district court until February 21, 1989, one day prior to the start of trial.
 
 
 4
 On February 22, 1989, the district court accepted Awadalla's motion to voluntarily dismiss his action pursuant to Fed.R.Civ.P. 41(a)(2). In an order dated April 7, 1989, the district court sanctioned Awadalla pursuant to Rule 11.[1] The district court concluded that a reasonable inquiry would have disclosed that the complaint was not well anchored in fact or law. Furthermore, the district court reasoned that "[t]hese sorts of strong-arm tactics against a public hospital by a disgruntled employee, aided by counsel, on matters relating solely to internal hospital affairs by using the federal court as a potential club clearly constitute harassment."
 
 
 5
 On appeal, Awadalla has argued that the district court abused its discretion imposing sanctions against him pursuant to Rule 11. See generally Herron v. Jupiter Transportation Co., 858 F.2d 332 (6th Cir.1988).
 
 
 6
 Upon review of Awadalla's assignments of error, the record in its entirety, the briefs of the parties, and the oral arguments of counsel, this court concludes that the district court did not abuse its discretion in imposing Rule 11 sanctions against Awadalla in the amount of $5,000. Consequently, the district court's decision is AFFIRMED for the reasons stated in its opinion of April 7, 1989.
 
 
 
 [1]
 Awadalla's counsel was also sanctioned $5,000. His counsel has paid the fine and has not appealed the district court's decision