**Elio SCHIAPPA, Plaintiff,**

*v.*

**WHEELING–PITTSBURGH STEEL CORP., Defendant.**

**No. C2–92–910.**

United States District Court, S.D. Ohio, E.D.

Feb. 4, 1993.

---

David Harvey Meade, Isaac, Brant, Ledman & Becker, Columbus, OH, Ronald K. Lloyd, Steubenville, OH, for plaintiff.

James M.L. Ferber, Schottenstein, Zox & Dunn, Columbus, OH, Richard I. Thomas, Kurt A. Miller, Thorp, Reed & Armstrong, Pittsburgh, PA, for defendant.

## OPINION AND ORDER

BECKWITH, District Judge.

On September 1, 1992, a complaint was filed in the Common Pleas Court of Jefferson County, Ohio, on behalf of Elio Schiappa, formerly an employee of defendant Wheeling–Pittsburgh Steel Corp. The complaint was signed by Attorney Ronald K. Lloyd. Wheeling–Pittsburgh Steel, a Delaware corporation with a principal place of business in West Virginia, removed the case on grounds of diversity of citizenship. The removal petition was filed on October 2, 1992.

Six days later, Wheeling–Pittsburgh Steel filed a motion for summary judgment and a motion for sanctions pursuant to Fed.R.Civ.P. 11. The matter was then promptly noticed for a preliminary pretrial conference. Seven days before the scheduled pretrial conference, Attorney David H. Meade replaced Mr. Lloyd as trial counsel for plaintiff Schiappa. The parties subsequently negotiated the dismissal of this case, which occurred by way of stipulation on December 21, 1992. This matter is now before the Court to determine whether sanctions should be imposed against Ronald K. Lloyd pursuant to Fed.R.Civ.P. 11.

### I.

The only facts which are before the Court with respect to the Rule 11 motion are those presented by the movant, Wheeling–Pittsburgh Steel, and those presented by plaintiff, Elio Schiappa, by way of an affidavit filed on his behalf by his new counsel. Attorney Lloyd, who was served with the original Rule 11 motion filed on October 8, 1992, was also notified by way of an order issued by the Magistrate Judge on November 18, 1992 to show cause within ten days of the date of that order why Rule

11 sanctions should not be granted against him. That order noted that Attorney Lloyd's time for filing a response to the original motion had expired several weeks earlier. Attorney Lloyd was also served with his client's memorandum and affidavit requesting that any sanctions be imposed only against Attorney Lloyd and not against the plaintiff; with a bill of attorneys' fees and costs prepared by counsel for Wheeling–Pittsburgh Steel; and with a supplemental memorandum, submitted at the request of the Magistrate Judge, addressing the issue of whether sanctions could be imposed even though the only document signed by Attorney Lloyd was the original complaint, which was filed in state court. As of the date of this Opinion and Order, Attorney Lloyd has submitted nothing in response to any of these materials. Consequently, the Court will proceed to determine the facts of this matter based upon the record before it, Attorney Lloyd having, by his conduct, waived the opportunity to present any factual matters to the Court for consideration.

On April 5, 1991, Schiappa sued Wheeling–Pittsburgh Steel in the Jefferson County Court of Common Pleas. That complaint, which was signed by Attorney John G. Stepanovich, alleged that Schiappa was employed by Wheeling–Pittsburgh Steel as a foreman until April 7, 1989 and that on that date he was discharged from employment wrongfully and without just cause. He asserted that this action constituted wrongful discharge, fraud, a breach of contract, and a violation of the legal doctrine of promissory estoppel.

Wheeling–Pittsburgh Steel removed the case based upon diversity of citizenship. It was assigned Civil No. C–2–91–354 and drawn to the Honorable George C. Smith. Schiappa moved to remand the case to state court, arguing that Wheeling–Pittsburgh Steel was an Ohio resident for diversity purposes. Judge Smith overruled that motion on November 27, 1991. Wheeling–Pittsburgh Steel then moved for summary judgment, and in an Opinion and Order filed on July 13, 1992, the Court concluded that Schiappa was discharged for just

cause. Summary judgment was granted in favor of Wheeling–Pittsburgh Steel on all counts of the complaint, and the case was dismissed. A judgment entry to that effect was filed on July 15, 1992.

On September 1, 1992, another complaint naming Schiappa as the plaintiff and Wheeling–Pittsburgh Steel as the defendant was filed in the Jefferson County Court of Common Pleas. This complaint was signed by Attorney Ronald K. Lloyd. Like the first complaint, it asserted that Schiappa was wrongfully and without just cause discharged from his employment with Wheeling–Pittsburgh Steel on April 7, 1989, and asserted that the discharge was wrongful, that Wheeling–Pittsburgh Steel violated the legal doctrine of promissory estoppel, and that Wheeling–Pittsburgh Steel committed fraud. According to Schiappa's affidavit, the first time he became aware of the filing of this second complaint was by reading a notice about it in a local newspaper. Because, as noted above, Attorney Lloyd (who was also, according to Schiappa's affidavit, Attorney Stepanovich's law partner during the time that the first case was filed and prosecuted) has not attempted to refute this assertion, the Court can only conclude that this second complaint was filed by Attorney Lloyd acting entirely on his own and without authorization from his client.

The second lawsuit was also removed to this Court by way of a petition for removal filed on October 2, 1992. Six days later, Wheeling–Pittsburgh Steel moved for summary judgment and for sanctions. The grounds for the summary judgment motion were, of course, that the judgment entry filed in case No. C–2–91–354 was *res judicata* as to the claims set forth in the second state court complaint. The motion for sanctions is predicated upon the fact that any reasonable attorney would have understood the dismissal of the prior lawsuit to be *res judicata* barring the reinstitution of either the same or different legal claims arising out of Schiappa's discharge from employment.

The following facts are of particular significance to the Rule 11 motion. On September 11, 1992, almost a month before the motion for summary judgment was filed, J.W. Stratman, Associate General Counsel for Wheeling–Pittsburgh Steel, wrote to Attorney Lloyd about this matter. In the letter, he advised Mr. Lloyd of the dismissal of the previous action and attached a copy of the Court's order of dismissal. Mr. Sratman's letter also stated that since Mr. Lloyd was co-counsel for Schiappa in that previous case, he must have been aware of its dismissal before he filed the second complaint. Mr. Stratman's letter also advised Mr. Lloyd that the reinstitution of the action was, in his view, sanctionable, and stated that a motion for dismissal and for sanctions, including attorneys' fees and costs, would be filed if the complaint was not withdrawn with prejudice within the next five days. Mr. Lloyd never responded to that letter, nor did he dismiss the lawsuit.

It appears that, in addition to his failure to respond to this overture, Mr. Lloyd never communicated with his client concerning this matter. Schiappa's affidavit makes it clear that not only was he unaware that a second complaint was filed until he read about it in the newspaper, but Mr. Lloyd never communicated with him concerning the subject of the second suit or the subject of dismissal. Consequently, on October 14, 1992, Schiappa fired Mr. Lloyd as his counsel, and then retained the firm of Isaac, Brant, Ledman and Becker to represent him. Isaac, Brant immediately began discussions with Wheeling–Pittsburgh Steel's counsel concerning this case, which discussions ultimately led to the filing of a stipulation of dismissal on December 21, 1992. No opposition to the summary judgment motion was ever presented, and no opposition to the motion for sanctions has been filed other than Schiappa's memorandum arguing that, under the circumstances, Rule 11 sanctions should be imposed, if at all, only against Attorney Lloyd.

## II.

Rule 11 of the Federal Rules of Civil Procedure provides, in pertinent part, that

"the signature of an attorney [on a pleading, motion, or other paper] constitutes a certificate by the signer that the signer had read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

■ Rule 11 requires the Court to determine whether the challenged position of the opposing party is either well grounded in fact, warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or interposed for any improper purpose such as harassment or delay. The inquiry is an objective one, and the good faith of counsel or a litigant is no longer relevant. *Albright v. Upjohn Co.*, 788 F.2d 1217 (6th Cir.1986). If a Rule 11 violation is found, sanctions are mandatory. *INVST Financial Group v. Chem–Nuclear Systems*, 815 F.2d 391 (6th Cir.), *cert. denied* 484 U.S. 927, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987). The 1983 amendments to Rule 11 were designed to require attorneys to take a closer look at the merits of litigation positions before those positions are asserted, and, in large part, to stem the flow of vexatious or patently meritless litigation into federal court.

■ In ruling on a Rule 11 motion, the Court is not required to make detailed findings of fact and conclusions of law, but should set forth, at least in narrative form, the basis of the Court's ·conclusion that sanctions are or are not warranted. *Mann v. G & G Manufacturing, Inc.*, 900 F.2d 953 (6th Cir.), *cert. denied* 498 U.S. 959, 111 S.Ct. 387, 112 L.Ed.2d 398 (1990). In reaching its conclusion on this issue, the Court must avoid the use of hindsight, and evaluate whether the challenged position was reasonable either at the time the complaint was filed, or, in light of an attorney's continuing duty to review pleadings and filings, see *Herron v. Jupiter Transportation Co.*, 858 F.2d 332, 336 (6th Cir.1988), at such later time as is relevant to deciding if a violation has occurred. *Mann v. G & G Manufacturing, supra.*

■ No one can seriously dispute that Attorney Lloyd's conduct in this case violated Rule 11. Although some aspects of the rules of issue preclusion and claim preclusion can be esoteric, the one involved in this case is not. The award of summary judgment to a defendant, and the subsequent entry of judgment, bar further litigation of any issues which arise out of the same set of facts dealt with in the first case. Here, the complaint signed by Attorney Lloyd did not even attempt to raise different causes of action arising out of Schiappa's loss of his job, although such different claims would also have been barred by the entry of judgment. Rather, he simply took the same complaint, with the same causes of action, changed the wording slightly, and refiled it. No objectively reasonable attorney could have believed that such an action was either warranted by existing law or by any argument for an extension of existing law.

■ As previously noted by the Court, however, the complaint is the only document signed by Attorney Lloyd, and it was filed in the Jefferson County Court of Common Pleas. This Court does not ordinarily have jurisdiction to address Rule 11 violations which occur solely in the state courts, especially because the Ohio version of Rule 11 differs from the federal version. The Court agrees with Wheeling–Pittsburgh Steel, however, that the Sixth Circuit's decision in *Herron v. Jupiter Transportation, supra*, permits the imposition of sanctions under the facts of this case. In *Herron*, the Court pointed out that the duties imposed upon attorneys under Rule 11 are continuing duties, and that the Court can impose sanctions under that rule if a reasonable inquiry, after a case is removed to federal court, would reveal the fact that continuation of the litigation was in violation of Rule 11. The *Herron* Court did note, however, that the deficiency must

promptly be brought to the attention of the pleader. That was done in this case by Mr. Stratman's September 11, 1992 letter. When Mr. Lloyd did not respond to that letter, it should have been apparent to him that, as occurred in the previous case, a removal petition would be filed and a motion for summary judgment would be presented to the federal court. Attorney Lloyd therefore owed a duty to this Court, subsequent to the filing of the removal petition, to discontinue this case without causing Wheeling–Pittsburgh Steel to incur expenses in moving for dismissal. His failure to do so permits the Court to award Rule 11 sanctions.

■■■■ Once it is determined that sanctions are appropriate, the Court must further consider what type of sanctions should be imposed. Rule 11 mandates only "an appropriate sanction" and identifies only one such appropriate sanction, namely "an order to pay to the other party ... the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee." In *Orlett v. Cincinnati Microwave*, 954 F.2d 414 (6th Cir.1992), however, the Court of Appeals noted that the first goal of Rule 11 is deterrence of sanctionable conduct, and compensation of the opposing party is a secondary goal. Consequently, the Court's duty is to determine, on a case-by-case basis, what is the least severe sanction which is likely to deter future Rule 11 violations. The Court must consider, if appropriate, whether a reprimand or censure of the offending attorney would be sufficient, or whether the matter should be referred to an appropriate disciplinary committee. If the Court does determine to award costs, including attorneys' fees, it must consider whether the party seeking such an award attempted to mitigate its damages, and it may award only reasonable fees. The Court may take into account the circumstances of the party who has been affected by the Rule 11 violation, but should also take into account the ability of the offending party or attorney to pay sanctions. *Orlett, supra,* at 419–20. It is this Court's view, however, that when considering these various matters, the Court still retains a considerable measure of discretion to choose the most appropriate sanction.

■■■■ The Court turns first to the question of whether some sanction other than an award of costs and attorneys' fees against Attorney Lloyd would have the appropriate deterrent effect. One possible sanction, of course, is to suspend or revoke the offending attorney's privilege to practice in this court. The Court has been somewhat surprised to learn that Attorney Lloyd, who has been counsel of record in at least six cases in this Court within the last three years (cases C–2–90–48, C–2–91–787, C–2–92–500, C–2–92–716, and C–2–92–1205, in addition to the instant case) appears never to have been admitted to practice before the United States District Court of the Southern District of Ohio. Such admission requires sitting for an examination and being sworn in by a Judge of this Court. The impact of this fact upon Mr. Lloyd's ability to continue as counsel in those other cases, some of which are still pending, is beyond the scope of this order. However, it does remove the possibility that the Court can impose a suspension or termination of Attorney Lloyd's privilege to practice before this Court, since he has never requested such privilege nor has it been granted to him.

Additionally, from the type of the conduct which occurred in this case, and the type of conduct evident from the other case files, it does not appear that a sanction such as a reprimand or a censure would be sufficient to deter Mr. Lloyd from this type of conduct in the future. Without determining the extent to which any of the matters in these other cases reflect a breach of duties or standards of practice, the Court notes that, in addition to practicing without having been admitted, in at least one of those other cases Mr. Lloyd was ordered to show cause for not appearing at a status conference and not having obtained permission of the Court in advance not to appear, and that in more than one of the above cases, show cause orders have been issued noting that Mr. Lloyd, either singly or in combination with co-counsel, has failed to

file memoranda in response to motions within the time limits allowed under the Local Rules of Court. Even apart from such matters, the Court is firmly convinced that, given the egregious nature of the conduct which occurred in this case, a mere verbal reprimand or censure will be insufficient to deter Mr. Lloyd from pursuing such a course of conduct in the future.

The Court is also persuaded that, in this case, the Rule 11 violation did cause Wheeling–Pittsburgh Steel to expend a substantial amount of money to enforce the judgment which it previously obtained. Such expenditure should have been totally unnecessary. Wheeling–Pittsburgh specifically advised Mr. Lloyd, within ten days after the complaint was filed, that he had a five-day window of opportunity to withdraw the complaint without risking the imposition of sanctions under Rule 11. He had ample opportunity to respond to that letter, but did not. Such conduct, coupled with the filing of the complaint, directly caused Wheeling–Pittsburgh Steel to expend its time and money seeking dismissal. Therefore, an award of some amount of attorneys' fees and costs would not only be a deterrent, but would redress the precise harm caused by the Rule 11 violation.

 Finally, the Court is required to consider Mr. Lloyd's ability to pay sanctions. Presumably, the reason for considering this factor is to insure that any monetary sanction awarded is large enough to be a deterrent, but not so large that it is out of proportion to the offending attorney's ability to pay it. In this case, however, Mr. Lloyd, who is obviously the party with the best access to information about his ability to pay, has not bothered to advise the Court whether he can or cannot pay sanctions in the amount requested by Wheeling–Pittsburgh Steel. The Court therefore assumes that he is able to pay the full amount has been requested, and that there is no particular but lesser amount which would serve as an adequate deterrent to Mr. Lloyd.

Taking all of these matters into consideration, the Court will award a sanction of reasonable costs and attorneys' fees to Wheeling–Pittsburgh Steel for the Rule 11 violation. The Court has carefully reviewed the time records submitted in this case, which support a claim of attorneys' fees in the amount of $6,087.50 and costs in the amount of $1,387.53. Included in the costs are local counsel fees of $1,172.04. Actual out-of-pocket costs amount to $215.49. The out-of-pocket costs are clearly reasonable. With respect to the attorneys' fees, without denigrating the quality of the work which was performed in this case, which was all of very high caliber, the Court is not convinced that an award of the total amount of fees requested should be made. The motion for summary judgment was not particularly complex, involving a straightforward argument that *res judicata* barred the filing of the second complaint. There was no necessity to request that this case be reassigned to Judge Smith, since any Judge of this Court is fully capable of hearing and determining an argument that a judgment entered by another Judge of the Court constituted *res judicata*. At least 75% of the work done in this case was performed by attorneys whose billing rate equals or exceeds $160 per hour. There is no breakdown given of local counsel fees, which exceed $1000. Taking all of these matters into account, and recognizing that deterrence rather than compensation is the primary goal of Rule 11, the Court concludes that an award of attorneys' fees in the amount of $5,000, plus costs of $215.49, is an appropriate sanction in this case. Attorney Lloyd will be directed to pay that amount to defendant, Wheeling–Pittsburgh Steel, within 30 days.

### III.

For the reasons stated above, the motion of defendant, Wheeling–Pittsburgh Steel Corp., for sanctions pursuant to Fed. R.Civ.P. 11 is GRANTED. Ronald K. Lloyd, former counsel for plaintiff, Elio Schiappa, is directed to pay the sum of $5,215.49 to defendant, Wheeling–Pittsburgh Steel Corp. within 30 days of the date of this order. The Clerk is directed to send a copy of this order to Attorney Ron-

ald K. Lloyd by certified mail, return receipt requested, and to note the date of mailing and the date of return of the receipt on the Court's docket.