811 F.2d 253
 124 L.R.R.M. (BNA) 2745, 105 Lab.Cas. P 12,203,
6 Fed.R.Serv.3d 1267,
1 Indiv.Empl.Rts.Cas. 1580
 Shawn KIRBY, Plaintiff-Appellant,
v.
ALLEGHENY BEVERAGE CORPORATION, Allegheny Pepsi-Cola
Bottling Company, James Wilson, Defendants-Appellees,
and
Local No. 992 of the International Brotherhood of Teamsters,
Chauffeurs, Warehousemen and Helpers of America, Defendants.
 No. 86-3985.
 United States Court of Appeals,
Fourth Circuit.
 Argued Nov. 12, 1986.
Decided Feb. 9, 1987.
 
 1
 John R. Salvatore (Salvatore & Wade, Hagerstown, Md., on brief), for plaintiff-appellant.
 
 
 2
 Leslie Robert Stellman (John W. Kyle, Littler, Mendelson, Fastiff & Tichy, Baltimore, Md., on brief), for defendants-appellees.
 
 
 3
 Before RUSSELL, Circuit Judge, BUTZNER, Senior Circuit Judge, and DOUMAR, United States District Judge for the Eastern District of Virginia, sitting by designation.
 
 DOUMAR, District Judge:
 
 4
 Shawn Kirby appeals from the District Court ruling that his invasion of privacy claim against his employer is preempted by the Labor Management Relations Act (LMRA), 29 U.S.C. Sec. 185(a). Appellant also contends that the District Court erred in levying Rule 11 sanctions against his attorney. We affirm the holding with respect to preemption; however, we hold that the District Court's imposition of sanctions was not permissible under the Federal Rules of Civil Procedure.
 
 
 5
 On July 22, 1985, appellant filed a complaint against the appellees in the Circuit Court of Washington County, Maryland, setting forth five claims, including breach of contract, breach of fiduciary duty, "violation of labor laws," and invasion of privacy. Kirby alleged that on January 6, 1984, he and another employee were called into the office of James Wilson, the Branch Manager of Allegheny Pepsi. Wilson allegedly accused Kirby of illegal drug abuse, and ordered both men to submit to a search of their persons. Kirby was then asked to submit to a search of his automobile. Kirby claimed that after refusing to submit to the automobile search, he was forced to resign. He alleged that although he requested a union representative at this meeting, he was not allowed to have one present. The complaint also stated that the Local No. 992 of the International Brotherhood of Teamsters (Union) refused to process Kirby's grievance arising from the incident.
 
 
 6
 On July 26, 1985, the attorney for the Union wrote to John R. Salvatore, Kirby's attorney, and informed him that Kirby's claims were clearly barred by the six-month statute of limitations set forth in Del Costello v. International Brotherhood of Teamsters, 462 U.S. 151, 169, 103 S.Ct. 2281, 2293, 76 L.Ed.2d 476 (1983). The attorney for the Union stated that if the suit was not withdrawn he would have the case removed to federal court, file a motion to dismiss and seek attorney's fees and costs. Kirby's counsel took no action.
 
 
 7
 The Union filed a Petition for Removal of Civil Action on August 8, 1985, in the United States District Court for the District of Maryland. At the same time, the Union filed a Motion to Dismiss the Complaint and for the Imposition of Sanctions.
 
 
 8
 On September 9, 1985, Kirby dismissed with prejudice his suit against the Union. Two weeks later, Kirby filed with the District Court a Motion to Dismiss with prejudice all claims in his complaint against the remaining defendants, with the exception of the invasion of privacy claim, which he sought to have dismissed without prejudice. The remaining defendants opposed Kirby's motion only insofar as it sought dismissal of the invasion of privacy claim.
 
 
 9
 On February 27, 1986, the District Court ruled that Kirby's invasion of privacy claim set forth in Count V of the complaint was preempted by federal labor law. It dismissed that claim on the ground that it was barred by the six-month statute of limitations. The court also imposed sanctions on Kirby's attorney, pursuant to Rule 11 of the Federal Rules of Civil Procedure as to the Union and with respect to the four other claims as to the remaining defendants.[1] However, the court limited the amount of sanctions to $1,000.
 
 
 10
 I. Dismissal of the Invasion of Privacy Claim.
 
 
 11
 The District Court held that appellant's invasion of privacy claim contained in Count V of the complaint was preempted by Sec. 301 of the Labor Management Relations Act, and subject to the six-month statute of limitations under that Act.
 
 Section 301 of the LMRA states:
 
 12
 Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.
 
 
 13
 29 U.S.C. Sec. 185(a).
 
 
 14
 It is settled law that Sec. 301 preempts any state cause of action for violation of a collective bargaining agreement. See Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 23, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983). "Such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of Sec. 301." Id. In Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), the Supreme Court both reaffirmed and broadened this principle, noting that "if the policies that animate Sec. 301 are to be given their proper range ... the preemptive effect of Sec. 301 must extend beyond suits alleging contract violations." Id. at 210-11, 105 S.Ct. at 1911. The Court explained that "questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort." Id. at 211, 105 S.Ct. at 1911.
 
 
 15
 The issue is whether resolution of appellant's invasion of privacy claim arising in connection with his employment would have required reference to, and interpretation of, the collective bargaining agreement. We hold that the appellant's claim is governed by the collective bargaining agreement and is therefore preempted by federal labor law.
 
 
 16
 Appellant asserts that his privacy was invaded twice. First, appellant contends that his privacy was invaded when he submitted to a search of his person. The District Court reasoned that a determination of that claim would require a decision as to whether the employer could require such a search under the labor contract, and whether the actions of Mr. Wilson, the Branch Manager, were reasonable in light of the contract.
 
 
 17
 We agree with the Fifth Circuit that the issues presented by the search in this case are "grist for the mill of grievance procedures and arbitration." Strachan v. Union Oil Co., 768 F.2d 703, 705 (5th Cir.1985). It is clear from appellant's own complaint that he could have refused to submit to the search and, if dismissed, could have challenged the action in a grievance proceeding pursuant to the collective bargaining agreement. If the Union had refused to submit the grievance, he could have sued for breach of the duty of fair representation. Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). The availability of remedies under the labor contract precludes appellant's pursuit of those remedies in a state law tort action.
 
 
 18
 Appellant also claims that he suffered an invasion of privacy when he was discharged for failing to submit to a search of his automobile. This clearly is not an invasion of privacy claim at all, but rather is a claim for wrongful discharge. As such, it is obviously preempted by the LMRA.
 
 
 19
 Because appellant's claims may be pursued only under Sec. 301, any action arising from those claims must have been brought within six months after the cause of action occurred. Del Costello v. International Brotherhood of Teamsters, 462 U.S. 151, 169, 103 S.Ct. 2281, 2293, 76 L.Ed.2d 476 (1983). In this case, more than a year and a half passed between the time the underlying incidents occurred and the filing of appellant's action. His claim is accordingly barred by the statute of limitations. Dismissal by the District Court was proper.
 
 
 20
 II. Rule 11 Sanctions.
 
 
 21
 The District Court ordered appellant's attorney to pay the attorney's fees of the Union, and the attorney's fees of the remaining defendants with respect to the Motions to Dismiss the first four counts of the complaint. Sanctions were limited to $1,000, and were to be divided proportionately by the defendants if the fees and costs exceeded $1,000.
 
 
 22
 Although the lower court imposed sanctions on appellant's counsel pursuant to Rule 11, the parties did not raise and the District Court did not consider the fact that the appellant's complaint was filed in state court, and was removed at the request of the defendants. Because we find that Rule 11 sanctions may not be imposed on an attorney for merely signing and filing a state court complaint which is subsequently removed to federal court, we reverse.[2]
 
 Rule 11 provides, in pertinent part:
 
 23
 Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated....
 
 
 24
 The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
 
 
 25
 Fed.R.Civ.P. 11.
 
 
 26
 By its terms, Rule 11 provides for sanctions when a pleading is signed "in violation of this rule." At the time a state court pleading is signed, the signing attorney is not subject to the Federal Rules of Civil Procedure. Therefore, a pleading signed in a state court proceeding which is later removed to federal court clearly cannot be signed in violation of Rule 11. See King v. Stuart Motor Co., 52 F.Supp. 727, 730 (N.D.Ga.1943). See also Kendrick v. Zanides, 609 F.Supp. 1162, 1170 (N.D.Cal.1985).
 
 
 27
 This conclusion is also supported by Federal Rule of Civil Procedure 81(c). Rule 81(c) provides that the federal rules "apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal." Fed.R.Civ.P. 81(c) (emphasis added). By obvious implication, the rules, including Rule 11, do not apply to the filing of pleadings or motions prior to removal. See Columbus, Cuneo, Cabrini Medical Center v. Holiday Inn, 111 F.R.D. 444 (N.D.Ill.1986).
 
 
 28
 To hold otherwise would defeat one of the purposes of Rule 11: to keep frivolous litigation out of federal court. Many states have no rule or statute analogous to Rule 11, or have a rule which imposes a much less stringent requirement on the signing attorney.[3] The availability of Rule 11 sanctions and attorney's fees in federal court under these circumstances would encourage parties to remove actions to federal court to obtain the benefits of the Rule. Thus, unless the rules were appropriately applied, a greater number of frivolous actions would find their way to federal court.
 
 
 29
 After removal to federal court, the only action of the plaintiff's counsel as to the first four counts of the complaint was to request dismissal. Such action cannot be the basis for a Rule 11 sanction. Under the circumstances of this case, the District Court lacked the authority under Rule 11 to impose sanctions.
 
 
 30
 Accordingly, the holding of the District Court is affirmed as to its dismissal of the invasion of privacy claim and reversed as to the imposition of sanctions pursuant to Rule 11.
 
 
 31
 AFFIRMED IN PART, REVERSED IN PART.
 
 
 
 [1]
 The invasion of privacy claim was deemed too complex to warrant the imposition of Rule 11 sanctions
 
 
 [2]
 Although this point was not presented to the district court or raised by the parties on appeal, that does not preclude this Court from considering it sua sponte, in order to "reach the correct result." Walker Manufacturing Co. v. Dickerson, Inc., 560 F.2d 1184, 1187 n. 2. (4th Cir.1977), citing Washington Gas Light Co. v. Virginia Electric & Power Co., 438 F.2d 248, 250-51 (4th Cir.1971). See also United States v. Barge Shamrock, 635 F.2d 1108, 1111 (4th Cir.1980), cert. denied, 454 U.S. 830, 102 S.Ct. 125, 70 L.Ed.2d 107 (1981)
 
 
 [3]
 See, e.g., S.C.R.Civ.P. 11(a); Va.Sup.Ct.R. 1:4(a), (c); W.Va.R.Civ.P. 11