**MEADOW LIMITED PARTNERSHIP,**
**Plaintiff-Appellee,**

**v.**

**The MEADOW FARM PARTNERSHIP;**
**Reuben Freelander; Eric Freelander;**
**Eve Freelander, Defendants-Appellants,**

**and**

**Heritage Savings & Loan Association;**
**Jay W. Weinberg; Theodore W. Potter;**
**Bud Smith; William R. Baldwin III,**
**Defendants.**

**No. 86-1659.**

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 4, 1987.

Decided April 23, 1987.

George H. Gromel, Jr. (Howard L. Kelin, Hunton & Williams, on brief) for defendants-appellants.

Stanley E. Preiser (Barbara H. Fleisher, Preiser & Wilson, James M. Minor, Jr., Ronald E. Kuykendall, Minor & Kuykendall, on brief) for plaintiff-appellee.

Before RUSSELL and WIDENER, and CHAPMAN, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

■ This appeal presents a question recently answered by us in *Kirby v. Allegheny Beverage Corp.*, 811 F.2d 253 (1987): In removed cases sanctions may only be imposed under Rule 11, Fed.R.Civ.P., for actions or proceedings had after removal to federal court and may not be imposed for the filing of such action in the state court or for any proceedings or actions of the parties in that court.

■ The district judge in this case dismissed the motion of the appellants for sanctions on what he expressly declared to be the "narrow" ground that, without considering the merits of the motion, sanctions are never to be imposed under Rule 11, or Rule 26, in a case removed from state court "until such time as the states adopt counterpart rules so that their judges can give litigants who launch non-meritorious cases the same dose." In dismissing the motion on this ground without considering the motion on its merits the district judge erred. As *Kirby* made clear, the district judge could not grant sanctions for the mere filing of a non-meritorious case in a state court simply because that case was later removed to the federal court, nor could he grant sanctions for any action of the appellee in the state court. To that extent the district judge's order was proper. But after removal of this case, it is alleged the appellee continued to prosecute its claim and forced the appellants to take appropriate steps to defend the action in the federal court. Whether this later action of the appellee in the federal court after removal warranted sanctions was a matter to be

resolved by the district judge. The district judge did neither consider nor resolve that issue. It follows that the dismissal of appellants' motion for sanctions on the sole ground that, irrespective of what may occur *after* removal of the cause to the federal court, sanctions may never be imposed under Rule 11 in a removed action for actions of the appellee in the federal court after removal was in error and the dismissal of the motion on this ground is reversed, and the cause remanded to the district court for disposition on its merits in accordance with the principles herein declared.

REVERSED and REMANDED WITH INSTRUCTIONS.