James A. **SCHOENBERGER**, Jr.,
Plaintiff–Appellant,

v.

Ronald P. **OSELKA**, et al.,
Defendants–Appellees.

No. 89–2024.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 16, 1990.

Decided Aug. 10, 1990.

James A. Schoenberger, Jr., San Diego, Cal., for plaintiff-appellant.

John E. Munger, Howard K. Priess, Tressler, Soderstrom, Maloney & Priess, Lori S. Yokoyama, Sanchez & Daniels, John D. Daniels, Chicago, Ill., for defendants-appellees.

Before BAUER, Chief Judge,
MANION and KANNE, Circuit Judges.

MANION, Circuit Judge.

James A. Schoenberger filed a suit in Illinois state court against Ronald Oselka, Oselka's Snug Harbor Marina, Inc., the law firm of Kinney, Cook, Lindenfeld, and Kelley, and several attorneys from that firm. Schoenberger, an attorney acting *pro se*, signed the complaint himself. The defendants petitioned to remove the suit to the federal district court, based on the court's diversity jurisdiction. See 28 U.S.C. §§ 1441 and 1332(a)(1). On February 14, 1989, the district court entered an order removing the action. In the same order,

the district court dismissed Schoenberger's complaint without prejudice. The court's order gave Schoenberger 30 days to file an amended complaint, and provided that if he did not amend the complaint within 30 days, the dismissal would become a dismissal with prejudice. Schoenberger did not file an amended complaint, nor did he file any other papers in the district court opposing the dismissal of his complaint. Thus, the district court's order of dismissal became final after the 30 days passed. See *Harris v. Milwaukee County Circuit Court*, 886 F.2d 982, 983–94 (7th Cir.1989).

The defendants filed motions for sanctions under Fed.R.Civ.P. 11. The district court initially denied the motions reasoning that it would not be appropriate to grant sanctions in a case the defendants had removed from the state court. On reconsideration, however, the district court reversed its decision and awarded sanctions to the defendants. Schoenberger filed a timely appeal.

■ Schoenberger advances a plethora of reasons why we should reverse the district court's sanctions award. We need not consider all these issues because one argument—that Rule 11 does not grant district courts the authority to impose sanctions merely for signing and filing a state court complaint that the defendants have removed to federal court—is dispositive.[1]

Rule 11 provides, in pertinent part:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the individual attorney's name. A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper.... The signature ... constitutes a certificate by the signer that the signer has read the pleading, motion, or paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.... If a pleading, motion, or other paper is signed in violation of this rule, the court ... shall impose upon the person who signed it, a represented party, or both, an appropriate sanction.

In *Dahnke Kelly & Haus v. Teamsters Local 695*, 906 F.2d 1192 (7th Cir.1990), we recently held that Rule 11 does not authorize sanctions for signing and filing a complaint in state court. See *id.* at 13–18. Other circuits that have faced this issue have reached the same conclusion. See *In re Summers*, 863 F.2d 20, 21–22 (6th Cir. 1988); *Hurd v. Ralphs Grocery, Inc.*, 824 F.2d 806, 808 (9th Cir.1987); *Stiefvater Real Estate, Inc. v. Hinsdale*, 812 F.2d 805, 809 (2d Cir.1987); *Kirby v. Allegheny Beverage Corp.*, 811 F.2d 253 (4th Cir. 1987).

■ The conclusion that Rule 11 does not provide the authority to impose sanctions for signing and filing a complaint in state court flows from the Rule's language. Cf. *Pavelic & LeFlore v. Marvel Entertainment Group*, — U.S. ——, 110 S.Ct. 456, 458–60, 107 L.Ed.2d 438 (1989). Rule 11 provides for sanctions when a person signs a paper "in violation of this rule." This language focuses on the initial signing; Rule 11 does not impose a continuing duty to update or correct papers that did not violate the rule when signed or filed. See *Dahnke*, at 1200–1201; *Hamer v. Lake County*, 819 F.2d 1362, 1370–71 n. 15 (7th Cir.1987) (per curiam); *Pantry Queen Foods v. Lifschultz Fast Freight*, 809 F.2d 451, 454 (7th Cir.1987); *Hinsdale*, 812 F.2d at 809. The federal rules do not govern practice in state courts. Thus, when Schoenberger signed and filed his complaint in state court, he was not subject to Rule 11.

---

1. The defendants argue that Schoenberger waived this issue by not raising it in the district court. However, Schoenberger's attorney did argue (though somewhat cryptically) that the defendants' sanctions motions were not "properly before the court," and the district judge originally denied the motions on the ground that it was improper to impose sanctions in a removed case. Moreover, the issue of whether Rule 11 authorizes sanctions in a case such as this goes to the district court's power to impose sanctions and is, in that sense, jurisdictional. For these reasons, we hold the issue of the district court's power to impose sanctions in this case is properly before us.

See *Dahnke*, at 1199–1200; *Kirby*, 811 F.2d at 257; *Hinsdale*, 812 F.2d at 809; see also Fed.R.Civ.P. 81(c), which provides that the federal rules govern procedure in removed cases *after* removal, raising the implication that the federal rules do not govern before removal. Since Rule 11 did not govern Schoenberger's complaint when he signed and filed it, his signing the complaint could not have violated Rule 11. See *Kirby*, 811 F.2d at 257. Since Schoenberger's signing his complaint did not violate Rule 11, the district court could not impose sanctions under that rule.

If Schoenberger had signed and filed an amended complaint that violated Rule 11, or had signed and filed any paper opposing the district court's decision to dismiss his (we assume) frivolous complaint, the court could have imposed Rule 11 sanctions for that filing. See *Meadow Limited Partnership v. The Meadow Farm Partnership*, 816 F.2d 970 (4th Cir.1987); cf. *Pantry Queen Foods*, 809 F.2d at 454. However, Schoenberger did nothing to oppose dismissal of his complaint after defendants removed it. Since Rule 11 only provides sanctions for papers signed and filed in the federal court, the district court's sanction award is

REVERSED.