**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: FRED W. ALLNUTT, SR.,
<u>Debtor.</u>

FRED W. ALLNUTT, SR.,
<u>Plaintiff-Appellant,</u>

v.                                                                                      No. 97-2613

STEPHEN L. WILCOXSON,
<u>Defendant-Appellee,</u>

MARK J. FRIEDMAN,
<u>Trustee-Appellee.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CA-95-3354-WMN, BK-94-5413)

Submitted: July 7, 1998

Decided: July 16, 1998

Before MURNAGHAN, WILLIAMS, and MOTZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Lowell Harrison Becraft, Jr., Huntsville, Alabama, for Appellant. Stephen L. Wilcoxson, Mark J. Friedman, Appellees Pro Se.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Fred W. Allnutt, Sr., appeals from the district court's order affirming the bankruptcy court's order imposing sanctions upon him for filing the underlying action without substantial justification. <u>See</u> Fed. R. Bankr. P. 9011. He contends that sanctions pursuant to Rule 9011 cannot be imposed based upon the signing of pleadings in the state court prior to removal of the action to federal court. We agree and therefore vacate the district court's order and remand this action to the district court with instructions to vacate the order imposing sanctions and to remand the action to the bankruptcy court for further consideration.

Allnutt issued a state court subpoena to Stephen L. Wilcoxson pursuant to Maryland Rule 2-404, which allows for the taking of a deposition to perpetuate evidence before a civil action is filed. Allnutt stated his intent to file an action in the Howard County Circuit Court for relief with respect to expensive race car assets that were sold in Allnutt's bankruptcy proceeding.

Wilcoxson removed the "action" from state court to the bankruptcy court where Allnutt's bankruptcy proceeding was pending. The bankruptcy court found that Allnutt lacked standing to challenge the sale of assets, quashed the subpoena, denied Allnutt's motion to remand the case, and dismissed the adversary proceeding. The bankruptcy court also imposed $5000 in sanctions against Allnutt, finding that he initiated the state court action without substantial justification and for the improper purpose of harassment.

The district court initially dismissed his appeal from this order because Allnutt filed his appeal brief one day late. After this court vacated the dismissal order and remanded for the district court to apply the test set forth in <u>In re Serra Builders, Inc.</u>, 970 F.2d 1309,

2

1311 (4th Cir. 1992), the district court determined that dismissal of the appeal was not warranted and affirmed the bankruptcy court's order. Allnutt now appeals, challenging the imposition of sanctions.

Federal Rule of Bankruptcy Procedure 9011 is the bankruptcy equivalent of Rule 11 of the Federal Rules of Civil Procedure, which authorizes a court to impose monetary sanctions against parties, including pro se litigants, who file pleadings that are not well grounded in fact and warranted by existing law or good faith argument for extension, modification, or reversal of existing law, or who file pleadings for improper purposes such as harassment or delay. See Fed. R. Bankr. P. 9011; Fed. R. Civ. P. 11; In re Kunstler, 914 F.2d 505, 513 (4th Cir. 1990). In deciding cases based on violations of Rule 9011, courts may look to cases that interpret Fed. R. Civ. P. 11. See In re Weiss, 111 F.3d 1159, 1170 (4th Cir. 1997), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3171 (U.S. Nov. 3, 1997) (No. 97-366). A pro se litigant has the same duties under Rule 9011 as an attorney. See id.

However, Rule 11 sanctions cannot be imposed for signing and filing a pleading in state court, when the action is later removed to federal court. See Kirby v. Allegheny Beverage Corp., 811 F.2d 253, 256 (4th Cir. 1987). Although sanctions can be imposed based on pleadings filed in federal court after the state court action is removed, see Meadow Ltd. Partnership v. Meadow Farm Partnership , 816 F.2d 970, 970-71 (4th Cir. 1987), the signing of a pleading in a state court action cannot be the basis for imposition of sanctions pursuant to Rule 11. Kirby, 811 F.2d at 257. In this case, the bankruptcy court imposed Rule 9011 sanctions on Allnutt "for filing the instant action in the Howard County Circuit Court without substantial justification." The bankruptcy court based the sanctions on the initial filing in state court, rather than on Allnutt's pleadings filed after removal to federal court in which he continued to prosecute his claims. See Meadow Ltd. Partnership, 816 F.2d at 970. Under our ruling in Kirby, the bankruptcy court exceeded its authority in imposing the Rule 9011 sanctions based on Allnutt's filing of the action in state court. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990) (imposition of sanctions reviewed for abuse of discretion).

Accordingly we vacate the district court order affirming the bankruptcy court's order imposing sanctions and remand this case to the

3

district court for further remand to the bankruptcy court. On remand, the bankruptcy court should vacate the sanctions imposed under Bankruptcy Rule 9011 based on Allnutt's pleading filed in state court. We note that the court may consider whether to impose Rule 9011 sanctions based on Allnutt's post-removal pleadings which sought to continue to prosecute his claims, see Meadow Ltd. Partnership, 816 F.2d at 970, or to impose sanctions pursuant to the federal courts' inherent powers. See Chambers v. NASCO, Inc., 501 U.S. 32, 43-44 (1991); Weiss, 111 F.3d at 1171-72; see also In re Heck's Properties, Inc., 151 B.R. 739, 765 (S.D.W. Va. 1992) ("It is well-recognized, however, quite apart from Rule 9011, that courts have the inherent authority to impose sanctions upon [litigants] who [are] found to have acted in bad faith, vexatiously, wantonly or for oppressive reasons."). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

4