**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

INTEGRATED HEALTHCARE SYSTEMS,
INCORPORATED; THE INTEGRATED
SYSTEMS TECHNOLOGY, INCORPORATED
401(K) PLAN; MICHAEL J. BLACK;
STEVEN W. BINGAMAN,
<u>Plaintiffs-Appellants,</u>

and

INTEGRATED SYSTEMS TECHNOLOGY,
INCORPORATED,
<u>Plaintiff,</u>

No. 98-1480

v.

EUGENE HORBACH,
<u>Defendant-Appellee,</u>

and

EDWARD I. GASKELL; ROBERT
PATENAUDE; E & H INVESTMENTS,
INCORPORATED; E & H PROPERTIES,
INCORPORATED,
<u>Defendants.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-96-1380-A)

Argued: January 27, 1999

Decided: June 14, 1999

Before WILKINSON, Chief Judge, and NIEMEYER and
TRAXLER, Circuit Judges.

_____

Vacated and remanded by unpublished opinion. Judge Niemeyer wrote the opinion, in which Chief Judge Wilkinson and Judge Traxler joined.

_____

**COUNSEL**

**ARGUED:** Leonard Anthony Rodes, TRACHTENBERG & RODES, L.L.P., New York, New York, for Appellants. Stephen Michael Sayers, HUNTON & WILLIAMS, McLean, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

NIEMEYER, Circuit Judge:

This appeal requires us to determine whether an indemnity provision contained in a Stock Purchase Agreement enables the seller to recover costs and attorneys fees incurred in defending an action brought by the purchaser challenging, indeed, contradicting, one of the purchaser's representations contained in the Agreement. The district court, concluding that the purchaser violated the Agreement and was subject to the indemnity provision, awarded the seller $162,417 in attorneys fees and costs. For the reasons that follow, we vacate the judgment and remand for further proceedings.

I

Eugene Horbach agreed to sell his 70% interest in Integrated Systems Technology, Inc. ("IST") to Traverse Technologies, Inc. (later to become Integrated Healthcare Systems, Inc.) (hereafter "Integrated Healthcare") for $1 million in cash, a $150,000 note, and a warrant to purchase additional IST stock. In the Stock Purchase Agreement, Horbach represented and warranted to Integrated Healthcare that he

2

"makes no representations or warranties as to the assets, financials, or any other aspects of IST." Similarly, Integrated Healthcare represented and warranted to Horbach that it "is purchasing the Shares after complete due diligence of IST and with no representations or warranties from [Horbach] as to the value of the Shares or the financial condition of IST."

Horbach and Integrated Healthcare amended the Stock Purchase Agreement on two separate occasions after Integrated Healthcare failed to satisfy its obligations under the Agreement's original terms. In late 1994, Horbach filed suit to collect $200,000 due him on the promissory note executed in connection with the second amendment of the Stock Purchase Agreement. The parties partially settled that action in February 1995, and completely settled it in September 1995. As part of the final settlement, Horbach accepted a $150,000 note from Integrated Healthcare, and the two parties executed mutual releases.

About a year later, on August 27, 1996, Integrated Healthcare commenced this action, alleging that Horbach, among others, fraudulently induced it into executing the Stock Purchase Agreement by misrepresenting IST's financial condition. Specially, Integrated Healthcare alleged that Horbach, among others, "made various representations [regarding IST's financial statements] on which they intended [Integrated Healthcare] to rely and on which [Integrated Healthcare] did in fact rely in determining the price to be paid for the SHARES." Horbach filed counterclaims in this action not only to collect the balance due on the outstanding note, but also to collect costs and attorneys fees under an indemnity provision contained in the Stock Purchase Agreement. The indemnity provision provided in part:

> [Integrated Healthcare] agrees to indemnify[Horbach] and hold him harmless from and against any and all losses, liabilities, obligations, damages and deficiencies resulting from any misrepresentation, breach or nonperformance by[Integrated Healthcare] of its representations, warranties, covenants and other obligations hereunder, and all actions, suits, proceedings, demands, assessments, judgments, costs and expenses, including reasonable attorney's fees and disburse-

3

ments, incident to any misrepresentation, breach or nonperformance.

Horbach also filed a motion under Fed. R. Civ. P. 11 requesting sanctions against Integrated Healthcare's counsel for filing the action in view of Integrated Healthcare's prior representation and warranty in the Stock Purchase Agreement and its 1995 release of Horbach.

On a motion for summary judgment, the district court entered judgment in favor of Horbach against Integrated Healthcare in the amount of $167,624 for amounts due on the outstanding note between them. Following a bench trial, it also concluded that Integrated Healthcare's filing of the suit against Horbach violated Integrated Healthcare's prior representation in the Stock Purchase Agreement and that the indemnity provision entitled Horbach to recover costs and attorneys fees in the amount of $162,417. The court denied Horbach's motion against Integrated Healthcare's counsel under Rule 11 because its local counsel did not sign the pleadings and its lead counsel tried to effect dismissal of Integrated Healthcare's complaint. This appeal ensued.

Integrated Healthcare contends (1) that the judgment for attorneys fees and costs should not have been entered by the district court against IST's 401(k) Plan and two of its officers; (2) that its filing of suit did not amount to a misrepresentation under the Stock Purchase Agreement for which Horbach could recover damages and attorneys fees under the Stock Purchase Agreement's indemnity provision; (3) that Horbach waived his right to recover under the Stock Purchase Agreement by filing his claim beyond the expiration of the Agreement's indemnity provision; and (4) that the parties' 1995 settlement agreement released Integrated Healthcare from all liability under the Stock Purchase Agreement.

II

In paragraph 6 of the Stock Purchase Agreement, Integrated Healthcare represented that it was "purchasing[Horbach's] Shares after complete due diligence of IST and with no representations or warranties from [Horbach] as to the value of the Shares or the financial condition of IST." Likewise Horbach represented that he "makes

4

no representations or warranties as to the assets, financials, or any other aspect of IST." If Integrated Healthcare's representation was false or inaccurate, then, under the indemnity provision contained in the Stock Purchase Agreement, Horbach would be entitled to costs and attorneys fees "incident to any misrepresentation." Horbach contends that Integrated Healthcare's mere filing of a lawsuit against him violated the Stock Purchase Agreement because in the lawsuit Integrated Healthcare alleges, contrary to its representation in the Stock Purchase Agreement, that it "did in fact rely" upon Horbach's certifications as to the accuracy of IST's financial condition.

What is certain in this case is that Integrated Healthcare has made conflicting representations -- in the Stock Purchase Agreement it represented it was <u>not</u> relying on any representations of Horbach and in its complaint it says that it <u>was</u> so relying. One is obviously false, but which one has not been established. If the representation in the Stock Purchase Agreement was false when made, then Integrated Healthcare's lawsuit must fail and it must indemnify Horbach for costs and attorneys fees. But if the representation in the Agreement was true and the allegations in the complaint were false, then Integrated Healthcare pleaded falsely and may be subject to sanctions under Rule 11. At the time the suit was filed, either of the possibilities were still open, and accordingly, one cannot conclude that the mere filing of the complaint constituted a breach of the Stock Purchase Agreement.

Also Integrated Healthcare made no <u>promise</u> in the Stock Purchase Agreement that it would or would not rely on Horbach's representations; rather, it made a representation about an existing state of mind, which may or may not have been false. We have not been directed to any evidence in the record by which to determine which representation of Integrated Healthcare was false.

But concluding that Integrated Healthcare did not breach the Stock Purchase Agreement simply by filing suit does not relieve it of responsibility for costs and attorneys fees in this case. This is so because, under established contract principles, parties remain bound by their representations in written agreements absent a showing of fraud in the inducement. Accordingly, if we give effect to the Agreement, then Integrated Healthcare could not have alleged, as it did in

5

the complaint, that it relied on Horbach for his financial representa-tions. Its doing so directly contradicted its prior, enforceable represen-tations in the Stock Purchase Agreement, thereby causing Horbach to spend substantial sums of money to defend. Thus, while we conclude that the district court erred in awarding costs and attorneys fees under the indemnity provision of the Stock Purchase Agreement because a breach had not yet been established in the record before it, Horbach still need not be denied the ability to recover his costs attributed to Integrated Healthcare's false pleading.

Even though the district court ruled against Horbach on his Rule 11 motion, the court should not now be precluded from reconsidering the motion, sua sponte or upon a new motion filed by Horbach, in light of the ruling that we make in this case. Obviously the district court's ruling on the Rule 11 motion was made in light of its determi-nation that Horbach would collect costs and attorneys fees under the Stock Purchase Agreement.

Accordingly, we vacate the district court's award of costs and attorneys fees made under the Stock Purchase Agreement and remand this case for the court's further consideration of whether to impose sanctions against Integrated Healthcare or other appropriate persons under Rule 11 or under the court's inherent power.*

VACATED AND REMANDED

_____

*We note that Rule 11 sanctions cannot be imposed for pleadings filed in state court when the action is later removed to federal court. See Kirby v. Allegheny Beverage Corp., 811 F.2d 253, 257 (4th Cir. 1987). But Rule 11 sanctions are available for false pleadings filed in federal court after the state court action is removed. See Meadow Ltd. Partnership v. Meadow Farm Partnership, 816 F.2d 970, 970-71 (4th Cir. 1987). In this case, Integrated Healthcare filed an amended complaint in federal court in which it reasserted the factual allegations contained in its original complaint filed in state court, which included its allegation that it in fact relied on Horbach's representations regarding the financial condition of IST. This complaint alone could support sanctions, if the district court were to find the appropriate criteria to have been satisfied. See id.