**Peter L. PANAYI, Plaintiff,**

v.

**NORTHERN INDIANA PUBLIC SERVICE COMPANY, Defendant.**

**No. 3:00–CV–0138RM.**

United States District Court, N.D. Indiana, South Bend Division.

June 2, 2000.

David C. Appel, Valparaiso, IN, for Peter L. Panayi.

Gail Oosterhof, Joseph S. Van Bokkelen, Goodman Ball VanBokkelen, Leonard and Kline, Highland,IN, for Northern Indiana Public Service Co.

Beverly J. Mack, Huelat and Gardner, Michigan City, IN, for Northern Indiana Internet Access Inc.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause is before the court on plaintiff Peter Panayi's motion to remand this action as improvidently removed,[1] defendant Northern Indiana Public Service Company's (NIPSCO) motion to dismiss for lack of subject matter jurisdiction and/or failure to state a claim on which relief can be granted, and the motion of Northern Indiana Internet Access, Inc. (NIIA) to intervene.

Mr. Panayi filed this case in LaPorte Superior Court No. 2, requesting that the court issue a temporary restraining order and permanently enjoin NIPSCO from using records of his private internet access account with NIIA. NIPSCO removed the case, contending that the Mr. Panayi's complaint relates to and requires interpretation of the "just cause" for discharge provisions of the collective bargaining agreement, which, pursuant to § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, must be resolved in a federal forum. NIPSCO said removal is proper because this court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441 and the LMRA. NIPSCO also asks this court to dismiss the complaint because § 301 of the LMRA completely preempts Mr. Panayi's state law claim and because Mr. Panayi did not exhaust grievance and arbitration procedures.

Mr. Panayi seeks remand to the state court for further proceedings. He says the claims presented and the remedies sought in the complaint arise exclusively out of Indiana state law privacy rights in private account records. Mr. Panayi asserts that his claim to enforce state law privacy rights neither "relates to" nor "requires interpretation of" the collective bargaining agreement, so there is neither federal jurisdiction nor federal preemption under the LMRA.

As a preliminary matter, Mr. Panayi moved to strike the supplemental affidavit of Douglas Bobillo attached to NIPSCO's combined reply/response memorandum on these motions. The court did not rely on the supplemental affidavit and the analysis that follows would not be affected by any of the issues presented in the motion to strike, so the court simply denies the motion to strike.

Peter Panayi is a former NIPSCO employee who was terminated on June 1, 1999. NIPSCO believed that Mr. Panayi improperly used NIPSCO time and prop-

---

1. Mr. Panayi doesn't cite 28 U.S.C. § 1447(c) as the authority under which he believes this action should be remanded, but he asks that the case be remanded for lack of subject matter jurisdiction, which is one of the two categories of reasons for remand found in § 1447(c). *See Matter of Continental Cas. Co.,* 29 F.3d 292, 293 (7th Cir.1994).

erty to access his personal internet account while on the job. During the investigation of Mr. Panayi's use of company equipment and company time for internet access—the investigation that led to his termination—NIPSCO allegedly went to the offices of NIIA, requested and received records of his account, and then improperly used those records to terminate his employment.

That termination is now the subject of arbitration between NIPSCO and Mr. Panayi. The matter was set for a hearing before the arbitrator on February 24 and 25. At NIPSCO's request, the arbitrator issued a subpoena to Mr. Scott Pathel, an employee of NIIA, requesting him to appear at the hearing and bring with him the records reflecting all internet activity on Mr. Panayi's account originating from a NIPSCO telephone number that serves Mr. Panayi's work area in the chemistry lab. NIPSCO acknowledges that it has the relevant records in its possession and has agreed to limit the subpoena to require Mr. Pathel's presence to authenticate the records. Seeking to prevent the disclosure and use of the records at the arbitration hearing, Mr. Panayi filed this suit, claiming that further use of the records compounds the wrongful invasion of his state law privacy rights.

■ Removal may be challenged; in the absence of subject matter jurisdiction, "the case shall be remanded." 28 U.S.C. § 1447(c). The "well–pleaded complaint rule" governs the existence of federal question jurisdiction, and a defendant doesn't create a jurisdictionally sufficient federal question by raising an issue of federal law in a defense or in a petition for removal. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 391, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Bastien v. AT&T Wireless Services, Inc.,* 205 F.3d 983, 986 (7th Cir.2000). The well–pleaded complaint rule is limited by the "complete preemption" doctrine in which "Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character," *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), and § 301 of the LMRA constitutes such complete preemptive force, *see Caterpillar, Inc. v. Williams,* 482 U.S. at 393, 107 S.Ct. 2425; *Loewen Group Intern., Inc. v. Haberichter,* 65 F.3d 1417, 1421 (7th Cir.1995).

■ Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Because this jurisdictional provision authorizes federal courts to develop federal common law for the interpretation of collective bargaining agreements, federal question jurisdiction exists when "the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement." *Matter of Amoco Petroleum Additives Co.,* 964 F.2d 706, 709 (7th Cir.1992) (quoting *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 405–406, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988)). Federal law so dominates relations between employers and unions that any claim attempting "to interpret, enforce, or question a collective bargaining agreement is necessarily based on national law," *Matter of Amoco Petroleum Additives Co.,* 964 F.2d at 709, and "may be preempted under the LMRA either because it depends on interpretation of a CBA or because the claim is founded on the CBA," *In re Bluffton Casting Corp.,* 186 F.3d 857, 862 (7th Cir.1999). To see if Mr. Panayi's state law claim turns on a portion of the collective bargaining agreement, the court must first examine the elements of that claim. *See Loewen*

*Group Intern., Inc. v. Haberichter,* 65 F.3d at 1422 (citing *Talbot v. Robert Matthews Distributing Co.,* 961 F.2d 654, 661 (7th Cir.1992)).

 In his response to the motion to dismiss, Mr. Panayi advances the privacy tort of intrusion as his claim, one of the privacy torts acknowledged in Indiana law.[2] *See Cullison v. Medley,* 570 N.E.2d 27, 31 (Ind.1991). Invasion of privacy by intrusion consists of (1) an intrusion upon the plaintiff's physical solitude or seclusion, either as to his person or to his private affairs or concerns (2) that is something which would be offensive or objectionable to a reasonable person. *See Watters v. Dinn,* 633 N.E.2d 280, 289 (Ind.Ct. App.1994) (citing *Cullison v. Medley,* 570 N.E.2d 27, 31 (Ind.1991); W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 117, at 854–855 (5th ed.1984)).

Mr. Panayi argues that his case differs from the LMRA preemption cases relied on by NIPSCO because those cases, *Matter of Amoco Petroleum Additives Co.,* 964 F.2d 706 (7th Cir.1992), *Stikes v. Chevron U.S.A., Inc.,* 914 F.2d 1265 (9th Cir.1990), *Kirby v. Allegheny Beverage Corp.,* 811 F.2d 253 (4th Cir.1987), and *Kelly v. Mercoid Corp.,* 776 F.Supp. 1246 (N.D.Ill. 1991), regarded employees' privacy rights in the workplace while the employees performed their duties of employment in the workplace. Mr. Panayi doesn't challenge NIPSCO's right to investigate its employees' possible misconduct in the workplace; he contests NIPSCO's chosen method. In fact, he concedes that "[h]ad the company elected to monitor Panayi's use of its computer for internet access by visual monitoring in his work place or comparable means," he would not contest the preemption of his state law claim.

Although the collective bargaining agreement between NIPSCO and Mr. Panayi's union doesn't expressly cover surveillance of internet or phone line use by obtaining records of that use, NIPSCO argues that the subject is covered under the collective bargaining agreement's broad management rights clause, which provides that "the Company has and shall continue to have vested in it the exclusive right to exercise the duties of management," including the right "to plan, direct and control the working operations and force, including the right to hire, suspend, demote, promote, [and] discharge for just cause." NIPSCO further argues that to resolve Mr. Panayi's privacy claim, the court will have to decide whether that clause gives NIPSCO rights under the collective bargaining agreement allowing them to promulgate and enforce rules against accessing the internet via a NIPSCO phone line, on company equipment and time, and its right to request and use records reflecting the identity of those individuals who had accessed their private accounts from NIPSCO on NIPSCO equipment, phone lines, and time.

 Despite Mr. Panayi's attempt to distinguish his case from other workplace privacy cases, this case cannot be decided without evaluating the extent of his right to workplace privacy—not privacy from hidden camera or over-the-shoulder surveillance, but privacy from a review of records that reflect his workplace activity. The Indiana tort presented by the complaint cannot be resolved without reference to the collective bargaining agreement. Whether NIPSCO's actions would be offensive or objectionable to a reasonable person in Mr. Panayi's position must be decided against the backdrop of NIPSCO's right to acquire a third party's records relating to an employee to learn whether (and, if necessary, to prove that) the employee is violating workplace rules—and the collective bargaining agreement provides the primary yardstick to

---

**2.** "Indiana recognizes four separate forms of the tort of invasion of privacy: (1) appropriation; (2) intrusion; (3) public disclosure of private facts; and (4) false light in the public eye." *Watters v. Dinn,* 633 N.E.2d 280, 289 (Ind.Ct.App.1994) (citing *Cullison v. Medley,* 570 N.E.2d 27, 31 (Ind.1991)).

measure NIPSCO's rights vis-a-vis employees concerning workplace rule violations.

Accordingly, this is not a case like *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), in which the state tort claim could be resolved without interpreting the collective bargaining agreement. To decide what expectations of privacy a reasonable person in Mr. Panayi's position would have with respect to any internet calls he may have made on NIPSCO time and NIPSCO equipment, and to decide whether the request and use of records was unjustified, the court would have to construe the collective bargaining agreement and workplace rules promulgated under it. Mr. Panayi's state law claim is inextricably intertwined with an analysis of the collective bargaining agreement. The court has federal question jurisdiction, so remand is inappropriate.

NIPSCO contends that because the claim is preempted by § 301 of the LMRA, it must be dismissed. Mr. Panayi has no claim under Indiana law, which is preempted as to this dispute, and he cannot proceed on a claim under federal law because he hasn't exhausted his remedies under the collective bargaining agreement. Mr. Panayi opposed the dismissal motion solely on the ground that his state law claim is not preempted, a point on which the court has explained its disagreement. The dismissal motion must be granted.

Accordingly, the court

(1) DENIES Mr. Panayi's motion to remand [Docket No. 14];

(2) GRANTS NIPSCO's motion to dismiss [Docket No. 5];

(3) DENIES AS MOOT NIPSCO's motion for oral argument on the motion to dismiss [Docket No. 8];

(4) DENIES AS MOOT Mr. Panayi's motion for oral argument on the motion for remand [Docket No. 15];

(5) DENIES AS MOOT NIIA's motion to intervene [Docket No. 22];

(6) DENIES Mr. Panayi's motion to strike [Docket No. 29]; and

(7) DENIES AS MOOT NIPSCO's motion to strike reply memorandum or, alternatively, to permit a surresponse (filed June 2, 2000).

SO ORDERED.