Rehearing en banc granted by order filed 7/30/03;
published opinion filed 7/7/03 is vacated.

PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

BRICKWOOD CONTRACTORS,
INCORPORATED,
    *Plaintiff-Appellant,*

    v.                No. 00-2324

DATANET ENGINEERING,
INCORPORATED; JOHN V. CIGNATTA,
    *Defendants-Appellees.*

BRICKWOOD CONTRACTORS,
INCORPORATED,
    *Plaintiff-Appellee,*

    v.                No. 00-2325

DATANET ENGINEERING,
INCORPORATED; JOHN V. CIGNATTA,
    *Defendants-Appellants.*

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-98-1265-AMD)

Argued: May 10, 2001

Decided: July 7, 2003

Before WIDENER, WILKINSON, and MICHAEL, Circuit Judges.

Reversed by published opinion. Judge Widener wrote the opinion, in
which Judge Wilkinson and Judge Michael concurred.

**COUNSEL**

**ARGUED:** James Joseph Tansey, Washington, D.C., for Appellant.
Brandon Mitchell Gladstone, LEE & MCSHANE, P.C., Washington,
D.C., for Appellees. **ON BRIEF:** James F. Lee, Jr., LEE &
MCSHANE, P.C., Washington, D.C.; Edward J. Pesce, EDWARD J.
PESCE, P.A., Ellicott City, Maryland, for Appellees.

---

**OPINION**

WIDENER, Circuit Judge:

Brickwood Contractors, Inc. (Brickwood) appeals from an order of
the district court imposing $15,000 in monetary sanctions against
Brickwood pursuant to Fed. R. Civ. P. 11. We reverse.

I.

Brickwood contracted with Charles County, Maryland to repair,
clean and restore a water storage tank. Datanet Engineering, Inc.
wrote a letter to and on behalf of K&K Painting, an unsuccessful bid-
der on the project, which was protesting the award, to Charles
County. The bid protest letter stated that Brickwood's engineering
work under the contract did not comply with applicable legal stan-
dards. This letter was written by Datanet's president, John Cignatta.
The original dispute arose from Brickwood's action against Datanet
and Cignatta for defamation and tortious interference with business
relationship for statements made in this letter. On May 10, 1999, the
district court granted Datanet's and Cignatta's motion for summary
judgment on these two claims. On May 28, 1999, Brickwood
appealed. On May 25, 1999, Datanet and Cignatta had filed a Rule 11
motion requesting monetary sanctions and served this motion on
Brickwood the same day. In this motion, Datanet and Cignatta
claimed Brickwood frivolously filed a lawsuit, failed to reevaluate its
case throughout discovery and filed a meritless response to defen-
dants' motion for summary judgment. Brickwood filed its opposition
to this motion and contested those charges. It did not at that time
defend on account of the violation of Rule 11. The district court held

2

the motion in abeyance pending the conclusion of appellate review. In an unpublished opinion on March 21, 2000, this court affirmed the district court's order granting Datanet and Cignatta summary judgment. On September 5, 2000, the district court ordered Rule 11 sanctions against Brickwood in the amount of $15,000. This appeal followed. Brickwood contends that the sanctions are both unwarranted and untimely in violation of the safe harbor provision of Rule 11. Datanet cross-appeals the sanction amount.

## II.

Jurisdiction is proper in this case under 28 U.S.C. § 1291 as an appeal from the district court's final judgment. We review the district court's determination of Rule 11 sanctions under an abuse-of-discretion standard. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). A district court "necessarily abuses its discretion in imposing sanctions if it bases its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Cooter*, 496 U.S. at 405.

## III.

Rule 11 was revised in 1993 to address the shortcomings of the 1983 amendment, (Part b), the "revision broadens the scope of [attorneys' obligation to the court], but places greater constraints on the imposition of sanctions and should reduce the number of motions for sanctions presented to the court." Fed. R. Civ. P. 11; Adv. Comm. Notes, 1993 Amend. Rule 11(c)(1)(A) provides the constraining force of the 1993 amendment. It reads:

> A motion for sanctions under this rule shall be separately from other motions or requests . . . . It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

Fed. R. Civ. P. 11(c)(1)(A). The Advisory Committee Notes state the purpose and effect of the amendment which is to "provide a type of

3

`safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation." Fed. R. Civ. P. 11; Adv. Comm. Notes, 1993 Amend. The Advisory Committee Notes explain the rationale for the amendment: "Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions." Fed. R. Civ. P. 11; Adv. Comm. Notes, 1993 Amend.

The effect of the amendment is two-fold. First, it requires a party desiring the imposition of sanctions to give a timely 21-day notice before both the conclusion of the case and the filing of the sanctions motion in court. Second, "a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)." Fed. R. Civ. P. 11; Adv. Comm. Notes, 1993 Amend.

The rule, as amended, has been literally construed by every other circuit which has considered the same. They typically state that the rule is mandatory or that compliance is an absolute prerequisite. See *Hadges v. Kunstler*, 48 F.3d 1320, 1327-29 (2nd Cir. 1995); *Elliot v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995); *Ridder v. City of Springfield*, 109 F.3d 288, 291-92 (6th Cir. 1997), *cert. denied*, 522 U.S. 1046 (1998); *Barber v. Miller*, 146 F.3d 707 (9th Cir. 1997), *cert. denied*, 522 U.S. 1046 (1998); *Hutchinson v. Pfeil*, 208 F.3d 1180 (10th Cir. 2000), *cert. denied*, 530 U.S. 1205.

In this circuit, however, two cases have considered about the same problem we have here. In *Kirby v. Allegheny Beverage Corp.*, 811 F.2d 253 (4th Cir. 1987), a plaintiff had filed a complaint in the circuit court of Washington County, Maryland, consisting of five claims, which was removed to the district court, which held that one count of the complaint was preempted by § 301 of the Labor Management Relations Act. As to the other four claims, the district court entered its order of Rule 11 sanctions in the amount of $1,000. The plaintiff against whom sanctions had been awarded, neither in the district court nor in this court raised as a defense to the imposition of sanctions, the

4

fact that the complaint was filed in a state court and was removed to the district court at the instance of the defendants. Nevertheless, we decided that Rule 11 sanctions may not be imposed on an attorney for merely signing and filing a state court complaint which is subsequently removed to federal court. While that reason for our decision was not raised as a defense, either in the district court or in this court on appeal, we held that such "does not preclude this Court from considering it *sua sponte* in order to `reach the correct result.'" *Kirby*, 811 F.2d at 256 n.2. Thus, in a case on all fours with the case at hand as to the availability of a Rule 11 defense, and even more favorable to the position of Brickwood here because it has contested in this appeal the Rule 11 violation, we chose to consider the Rule 11 violation and gave relief.

In the case of *Rector v. Approved Federal Savings Bank*, 265 F.3d 248 (4th Cir. 2001), a set of circumstances similar to those present here prevailed, but Part (c)(1)(A) was added to the rule in 1997. There, although the motion for sanctions was filed after the case was dismissed, a district court had awarded sanctions under Rule 11 which had been defended in that court but not on the Rule 11 safe harbor violation. The case of the Rule 11 sanction had been once appealed and on appeal to us was remanded in an unpublished per curiam decision. In that first appeal the Rule 11 safe harbor violation was also not depended upon. In the appeal at hand in *Rector*, however, the party subject to sanctions had argued the Rule 11 safe harbor violation. We held that the failure to depend upon the Rule 11 violation of the safe harbor provision in the district court constituted a waiver of the defense. Notably, *Rector* did not mention *Kirby*, although it came to what is apparently a different result. Since overruling by implication is not favored, see *Agostini v. Felton*, 521 U.S. 203, 237 (1997), we try to give effect both to our decision in *Rector* as well as our decision in *Kirby*. *Kirby* depended on *Washington Gaslight Co. v. Virginia Electric and Power Co.*, 438 F.2d 248 at 250-251 (4th Cir. 1971), which stated: "Indeed, if deemed necessary to reach the correct result, an appellate court may *sua sponte* consider points not presented to the district court and not even raised on appeal by any party." 438 F.2d 248, 251.

In the case at hand, the motion for sanctions was made after the case had terminated, service of the motion and its filing were accom-

plished without giving the 21-day notice required by the rule, and there was simply no compliance with the safe harbor provision of Rule 11.

On that account, we follow the decision in *Kirby* and reverse the order of the district court appealed from.

*REVERSED**

<hr>

*The cross-appeal of Datanet and Cignatta is moot and is dismissed for that reason.

6